

December 11, 2020

The Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Abdou Badiane v. JPMorgan Chase Bank, N.A.*
               Case 1:20-cv-02054 (VM)

Dear Judge Marrero:

We respectfully submit this letter on behalf of all parties in accordance with the Court's Individual Rules and Practices in Civil Cases (the "Rules") in advance of the initial pre-trial conference scheduled on December 18, 2020 at 10:30AM pursuant to the Court's November 6, 2020 order. This letter has been reviewed by counsel for Defendant and I am submitting it on behalf of all parties with express authorization from Defendant's counsel.

## I.    Brief Description of the Case

### A. Plaintiff's Description

Mr. Badiane was a high school senior when he deposited $1500 he was saving for college in an account with Defendant JPMorgan Chase Bank. After months of no activity, there were 120 transactions on the account over a few weeks' time, which included charges made in California, a state Mr. Badiane had never visited. Despite the fact that Defendant had itself identified the transactions as suspect, Defendant found the charges to be authorized, and failed to provide Mr. Badiane with information related to the investigation that formed the basis of its decision. Plaintiff has brought this action against Defendant for violations of the Electronic Fund Transfer Act ("EFTA"); the New York Consumer Protection Act (codified at N.Y. General Business Law § 349, *et seq.*); New York State common law, including breach of contract and unjust enrichment; as well as breach of the duty of good faith and fair dealing for Defendant's failure to comply with the EFTA and its own account agreement's requirements for error resolution when investigating fraudulent charges; its failure to give Mr.



Badiane access to his funds during the investigation; and for Defendant's subsequent threat to report and/or its actual negative reporting of Plaintiff's account to Early Warning Systems, a credit reporting agency. .

**B. Defendant's Description**

Mr. Badiane opened an account at Chase for which he received a debit card that he promised to safeguard. Plaintiff admits not changing the PIN provided with the card despite the applicable account rules telling plaintiff to keep his PIN confidential and how to change his PIN. While plaintiff claims he did not transact or use the card, he admits Chase emailed him about questionable account activity, that he did not open the email from Chase and that he never reviewed his first statement from Chase. Moreover, plaintiff called Chase on more than one occasion to ask why his account was frozen and why he was unable to use the card for a Quickpay, including for a ride with Uber. Plaintiff also contacted Chase in April 2019 to advise that he attempted to use his card at an ATM but no money was dispensed. Many of the transactions were chip-on-chip, occurred at a point of sale terminal, a card was present and there were no invalid PIN entries. Chase complied with the EFTA when it conducted an investigation and concluded, based in part on the facts just set forth, that the account withdrawals were valid and there was no reason to suspect an account takeover. Plaintiff disputed Lyft transactions that show they occurred in California but all Lyft transactions are listed as occurring in California since that is Lyft's headquarters.

Moreover, disputes pertaining to Mr. Badiane's credit are governed by the Fair Credit Reporting Act. As he did not allege compliance with the prerequisites of that statute, he cannot recover for any alleged damage, harm or inaccuracies pertaining to his credit reporting. Moreover, plaintiff was given access to funds while Chase investigated but stopped payment on those checks when it determined that the transactions were valid.

**II.   Threshold or Dispositive Issues**

Defendant has waived personal jurisdiction objections. The parties have not identified any threshold or dispositive issues which would require resolution prior to discovery.

**III.   Contemplated Motions**

   **A. Plaintiff's Response:** Plaintiff contemplates making a motion for summary judgment after the completion of discovery.

B. **Defendant's Response:** Defendant contemplates making a motion for summary judgment after the completion of discovery. Defendant also contemplates moving for a protective order to protect its confidential and proprietary policies and procedures.

IV. **Prospects for settlement**

A. **Plaintiff's response.** Plaintiff believes it is likely that the parties will be able to settle the action. However, because the policies and procedures as well as the intent of Defendant will determine whether Plaintiff is entitled to treble damages under the EFTA or punitive damages and injunctive relief under GBL §349, Plaintiff requires discovery prior to engaging in any settlement discussions.

B. **Defendant's response.** Defendant believes it is likely that the parties can settle the action and is willing to engage in pre-discovery settlement discussions. While Chase disputes the claims against it, even if the bank erred its error was not willful, intentional or materially misleading, thereby not entitling plaintiff to treble damages or punitive damages. Further, Chase intends to serve an offer of judgment shortly.

V. **Referral to the Magistrate Judge**

Plaintiff is amenable to referral to the Magistrate Judge for settlement discussions after discovery if the parties are unable to reach a settlement themselves. The Defendant is amenable to having the Magistrate Judge facilitate settlement discussions prior to or during fact discovery.

Respectfully submitted,

_____/s/_____
Mary P. McCune (MM3298)
Manhattan Legal Services, Inc.
1 W. 125th St., 2nd Fl.
New York, NY 10027
646-442-3143 (phone)
646-859-8803 (fax)
mmccune@lsnyc.org